IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEONARD W. NAJACQUE,**

    Plaintiff,

v.                                                         Civil Action No. **3:23CV657 (RCY)**

**DANIEL SMITH,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of the Second Particularized Complaint (ECF No. 17) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992)

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable."  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  In order for a claim or

complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    ALLEGATIONS

The Court has twice directed Plaintiff to particularize his complaint because his allegations failed to provide each defendant with fair notice of the facts and law upon which his or her liability rests. ECF Nos. 12, 16. Nevertheless, as recounted below, in his Second Particularized Complaint, Plaintiff once again fails to provide a coherent statement of his claims. Plaintiff first lists the defendants and their roles in his criminal prosecutions in Virginia

The following Defendants, who were either public defenders, retained defense counsel, or court-appointed counsel, represented Plaintiff in his criminal prosecutions: David Anderson, Trevor Anderson, Tyrone C. Johnson, and James L. Grandfield ("Defense Counsel"). ECF No. 17, at 1. The following defendants were criminal prosecutors: "unknown prosecutor – bribe collector," Lilly I. Wilder, and Kylene M. Lovell ("Prosecutors"). *Id.* The remaining two defendants are police officers: Daniel Smith and M. Chapman ("Police Detectives"). *Id.*

Thereafter, Plaintiff provides the following, largely incoherent statement of the facts that give rise to his claims:

3

> On 5/3/21 preliminary hearing with defendant #2, David A. found me, Leonard, wrong defendant or innocent, David Anderson told me, prosecutor and Smith said due to misery and poverty in Haiti all Haitians is criminals you in jail for crime you have done we don't know yet. This is why on 10/04/21, I hired a private att. to represent me Def.#3 Trevor Anderson. On 6/24/22 he sold me back to def.#1 Smith. Smith and witness 24 felony charges made up in Hampton trial me in Suffolk with coconspirators def. no. 7, 8, 9, only defendant no. 6, Tyrone Johnson not yet engage. The Court hired Tyrone on 10/17/23 to represent me on jury trial 3/24/24 in Hampton on that date he told me due to new prosecutor court continues to 7/17/2024, he said anytime you have new prosecutor your process start over like you just got in jail. It's does not matter how many years you've been in jail.
>
> I was tried not to trial with public defender, def. 6 sold me back def. 6 Trevor Anderson told me for better defend you, I paid to Smith D. def. no. 1 and def. no. 7 Grandfield $10,000.00 for drop your 19 felony charges to avoid you not go to jail for life. I request for invoice, he said I pay to the prosecutor $3,000.00 per court continue, I just have job offer for my pay. Trevor A. new public defender, def. No. 2 David Anderson has promoted Anderson II.
>
> Def. No. 5.
>
> Det. Chapman H. police division has confirmed 19 sexual offense[s] as right charges for no bail and first-degree criminal punishment for one felony of 19 is death penalty, all 19 non process due to wrong defendant, because under code 18.2-3 70.5 (West 2014) the court system and police dept will be the victims. I Leonard will be legally sentence to death. . . .

ECF No. 17, at 1–3. Plaintiff goes on in similar fashion for another ten or so pages. *Id.* at 3–10.

### III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Plaintiff's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Plaintiff's Second Particularized Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous. Plaintiff's claims fall into three categories: (1) claims against the Defense Counsel; (2) claims against the Prosecutors; and (3) undefined claims against the two Police Detectives.

4

### A. Defense Counsel

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g.*, *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Accordingly, all claims against the Defense Counsel will be DISMISSED as frivolous.

### B. Prosecutors

Prosecutorial immunity bars Plaintiff's claims for monetary damages against the Prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing

5

for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273. Plaintiff does not coherently allege that any actions taken by the Prosecutors that were actions taken outside of their roles as advocates for the Commonwealth. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"). Accordingly, the claims against the Prosecutors will be DISMISSED as frivolous.[2]

### C. Police Detectives

Plaintiff's last claims pertain to the two Police Detectives. Plaintiff fails to coherently articulate how the Police Detectives violated his constitutional rights. In any event, any such claim would likely be barred by by the doctrine established by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). Accordingly, Plaintiff's claims against the Police Detectives will be DISMISSED as legally frivolous and for failure to state a claim.

---

[2] Although Plaintiff did not identify the relief he seeks against the Prosecutors, given the frivolous nature of his claims, Plaintiff states no basis for injunctive relief against these defendants. *See* 28 U.S.C. § 1915A(b)(1).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's claims and the action will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim.  The action will be DISMISSED.  The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date:  March 24, 2025
Richmond, Virginia

/s/ RCY
Roderick C. Young
United States District Judge